**Max Leroy McDANIEL,
Plaintiff–Appellant,**

**v.**

**UNITED STATES of America,
Defendant–Appellee.**

**No. 91–3902.**

United States Court of Appeals,
Sixth Circuit.

Argued May 7, 1992.

Decided July 23, 1992.

Stephen L. DeVita (argued and briefed), Dayton, Ohio, for plaintiff-appellant.

John C. Hoyle, U.S. Dept. of Justice, Civil Div., Appellate Staff, Washington, D.C., Patrick D. Quinn, Asst. U.S. Atty., Office of the U.S. Atty., Dayton, Ohio, Richard Olderman (argued and briefed), Robert S. Greenspan, U.S. Dept. of Justice, Appellate Staff, Civil Div., Martin K. Banks, Phyllis J. Pyles, U.S. Dept. of Justice, Torts Branch, Civil Div., Washington, D.C., for U.S.

Before: JONES and NORRIS, Circuit Judges; and WOODS, District Judge.[*]

PER CURIAM.

Plaintiff, Max Leroy McDaniel, appeals the dismissal of his action under the Federal Tort Claims Act ("FTCA"), ch. 753, tit. IV, 60 Stat. 842 (codified as amended in scattered sections of 28 U.S.C.), in which he claimed negligent and intentional infliction of emotional distress by his supervisor. For the reasons that follow, we affirm.

I

McDaniel was a long-time, middle-management employee of the United States Postal Service ("USPS"). He asserts that, throughout 1988, he was harassed, humiliated, and intimidated in front of others by a new postmaster appointed over him. The pattern of harassment allegedly continued until the postmaster and others transferred McDaniel to a different office and shift, without reason, which ultimately triggered his psychiatric hospitalization and caused him to incur medical expenses in excess of $19,000.

McDaniel did not seek administrative redress under the provisions of the Civil Ser-

[*] The Honorable George E. Woods, United States District Judge for the Eastern District of Michigan, sitting by designation.

vice Reform Act of 1978 ("CSRA"), Pub.L. No. 95–454, 92 Stat. 1111 (codified in scattered sections of 5 U.S.C. and other titles), although that statute, as we later discuss, provides for administrative and judicial review of certain personnel actions. Instead, on August 31, 1990, McDaniel filed an administrative claim with the USPS, a prerequisite to a subsequent lawsuit under the FTCA. He also filed a claim for benefits with the Secretary of Labor, pursuant to the Federal Employees' Compensation Act ("FECA"), ch. 458, 39 Stat. 742 (codified as amended in scattered sections of 5 U.S.C. and 18 U.S.C.). The USPS denied his administrative tort claim in December of 1990. The Secretary of Labor denied his FECA claim on July 6, 1990. The Secretary reaffirmed the denial, with modifications, on August 7, 1991.

On April 9, 1991, McDaniel filed suit in district court under the FTCA. He sought recompense for the common-law torts of negligent and intentional infliction of emotional distress. On June 6, 1991, the United States filed a motion, under Federal Rule of Civil Procedure 12(b)(1), to dismiss for lack of subject matter jurisdiction. The United States urged that the lawsuit involved federal personnel actions and, accordingly, was preempted by the CSRA. The United States argued also that FECA preempts an FTCA action. On September 17, 1991, the court, without reaching the CSRA preemption issue, found that FECA preempted McDaniel's claims and granted the government's motion to dismiss. McDaniel then brought this appeal.

On December 9, 1991, while this case was pending before the Sixth Circuit, the Secretary of Labor denied McDaniel's action seeking modification of the earlier FECA decisions. Then, on December 23, 1991, the Secretary issued an order vacating his orders dated August 7, 1991 and December 9, 1991—orders that had earlier rejected McDaniel's claim for FECA compensation. The Secretary ordered further examination of the case by a psychiatrist, after which the Secretary would conduct a de novo evaluation and issue his decision.

## II

■ McDaniel contends that FECA does not cover claims based upon non-physical emotional distress. He relies upon this court's opinion in *DeFord v. Secretary of Labor*, 700 F.2d 281 (6th Cir.1983). In that case, DeFord, a Tennessee Valley Authority ("TVA") employee, brought an action pursuant to the Energy Reorganization Act of 1974 ("ERA"), alleging that the TVA had illegally discriminated against him because he assisted in a Nuclear Regulatory Commission investigation at a TVA facility. Id. at 283. We held that FECA did not cover such claims:

> The FECA provides generally for compensation upon disability or death of employees due to "personal injury." 5 U.S.C. § 8102. To the extent that the term is potentially relevant here, the definition of an "injury" is more specifically limited to "injury by accident" or by "a disease proximately caused by the employment." 5 U.S.C. § 8101(5). It has been held that "[t]he type of injuries covered in 5 U.S.C. § 8101(5) ... does not appear to include such claims as ... for discrimination, mental distress, or loss of employment." *Sullivan v. United States*, 428 F.Supp. 79, 81 (E.D.Wis. 1977). We are inclined to agree.

*DeFord*, 700 F.2d at 290 (alteration in original) (emphasis added). Technically, because DeFord involved discrimination rather than mental distress, the emphasized language is dictum. The logic of the passage, however, applies equally to mental distress, and thus, DeFord undoubtedly bolsters McDaniel's position.

Nonetheless, the Secretary of Labor, not the Sixth Circuit, has the final say as to the scope of FECA:

> The action of the Secretary or his designee in allowing or denying a payment ... is—
>
> (1) final and conclusive for all purposes and with respect to all questions of law and fact; and
>
> (2) not subject to review by another official of the United States or by a court by mandamus or otherwise.

5 U.S.C. § 8128(b) (1988). In the instant case, the Secretary has taken the view that McDaniel's claim is cognizable under FECA. The Secretary notes repeatedly that McDaniel has a "disabling emotional condition" or "reaction," without ever mentioning any physical manifestations. See, e.g., Secretary's Decision Letter attach. (mem.) at 2 (July 6, 1990). Against this background, the Secretary observes that "[w]hen the disability results from an emotional reaction to regular or specially assigned work duties or a requirement imposed by the employment, the disability comes within the coverage of the Act." Id. Furthermore, McDaniel admits that this position is consistent with the Secretary's past practice. See Br. of McDaniel at 11–12 & n. 4. Thus, under the above statutory provision, the Secretary's determination of the scope of coverage is binding upon this court.

This holding is entirely consistent with our position in *Jones v. TVA*, 948 F.2d 258 (6th Cir.1991). Therein, we found that FECA barred Jones's action against the TVA for intentional infliction of emotional distress. Id. at 265. Jones had previously received FECA benefits for work-related stress that resulted in total disability. Id. at 265. The Secretary's award of benefits conclusively established the applicability of FECA; thus, the Jones court did not err in omitting discussion of DeFord's contrary position.

### III

McDaniel claims that the district court should have stayed proceedings pending the Secretary of Labor's final determination of coverage in his case. Similarly, the United States argues that the FECA issue, standing alone, requires remand to the district court. We find both of these positions to be without merit.

The Secretary initially denied coverage based on the finding that McDaniel's transfer, rather than abuse by his supervisor, caused his emotional disability. McDaniel's transfer or similar incidents are not causally related to the conditions of his employment "unless such incidents are

shown to have constituted abusive or erroneous personnel actions." Secretary's Decision Letter attach. (mem.) at 2 (Dec. 23, 1991). Later, McDaniel supplemented the record with a psychiatrist's medical report indicating that his emotional condition was caused by both the abuse and the transfer. For that reason, the Secretary decided to review McDaniel's case de novo.

■ The foregoing discussion demonstrates that the factors involved in the Secretary's decision do not include whether a claim for emotional distress is properly cognizable under FECA. The Secretary's position on that issue is not subject to doubt. Accordingly, whether the Secretary ultimately grants coverage is irrelevant for our purposes in the instant case. "[O]nce an injury falls within the coverage of FECA, its remedies are exclusive and no other claims can be entertained by the court." *Jones v. TVA*, 948 F.2d 258, 265 (6th Cir.1991); see generally *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 194, 103 S.Ct. 1033, 1036–37, 74 L.Ed.2d 911 (1983) ("In enacting [FECA's exclusive-liability] provision, Congress adopted the principal compromise—the "quid pro quo"—commonly found in workers' compensation legislation: employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government."). So long as the injury is of the type intended to be covered by FECA, the fact that no actual compensation was awarded is irrelevant. See *Griffin v. United States*, 703 F.2d 321, 322 (8th Cir.1983) (per curiam).

■ The district court found that the Secretary of Labor has decided that FECA covers emotional injuries. The district court, therefore, had no reason to stay the proceedings pending the final decision of the Secretary:

When FECA provides a remedy to an injured federal employee, that remedy is exclusive.... Stated somewhat differently, when a federal employee's injury does not fall within the scope of FECA, it is not the exclusive, or even an appropriate, remedy. Whether a particular inju-

ry is compensable under FECA is a question within the sole discretion of the Secretary of Labor. Moreover, merely because the Secretary decides that a particular injury is not compensable does not mean that the type of injury suffered is not covered by the FECA.

J.A. at 10–11 (emphasis added) (citations omitted). Because we agree that FECA covers McDaniel's claims, remand to the district court is unnecessary; whether the Secretary ultimately decides to compensate McDaniel is simply not relevant to the merits of his claim in the instant appeal.

The parties apparently confuse the present situation with cases in which there is a substantial question of FECA coverage. For example, FECA applies only to injuries that occur to an employee "while in the performance of his duty." 5 U.S.C. § 8102(a). Thus, whenever an issue arises as to whether an injury was in the performance of an employee's duty, the courts will stay proceedings pending the final decision of the Secretary. See *Joyce v. United States*, 474 F.2d 215, 219 (3d Cir.1973) (per curiam); cf. *Wright v. United States*, 717 F.2d 254, 257 (6th Cir.1983) (noting that district courts lack subject-matter jurisdiction to decide substantial questions of FECA coverage). If the Secretary determines that the injury did not occur in the performance of duty, FECA does not cover the injury, and the employee may proceed in court. On the other hand, if the employee was injured in the performance of duty, the Secretary's decision regarding coverage will be binding on the court, regardless of whether compensation is actually awarded.

Although performance of duty is the most typical threshold question regarding the scope of FECA's application, substantial questions of coverage may arise in other situations. See *DiPippa v. United States*, 687 F.2d 14, 16 (3d Cir.1982) (addressing FECA's preemption of a claim under the Swine Flu Act). In other contexts, however, no substantial question may arise. For example, in DeFord, we held that no substantial question arose as to whether FECA covered intentional discrimination, and that FECA did not cover such

an injury. See *DeFord v. Secretary of Labor*, 700 F.2d 281, 291 (6th Cir.1983). Similarly, the instant case involves no substantial question of coverage; the Secretary is currently of the opinion that FECA covers McDaniel's injury. Accordingly, regardless of whether the Secretary actually provides compensation to McDaniel, FECA preempts McDaniel's FTCA claim.

### IV

██ The United States argues that CSRA also bars McDaniel's claims under the FTCA for intentional and negligent infliction of emotional distress. Although CSRA undoubtedly applies to adverse personnel actions, see *United States v. Fausto*, 484 U.S. 439, 443, 108 S.Ct. 668, 671–72, 98 L.Ed.2d 830 (1988), McDaniel clearly seeks to avoid, in the FECA proceeding, the interpretation that he is merely challenging his transfer to another post office. In any event, we choose not to decide this issue, because we have already found that FECA bars McDaniel's claim.

Insofar as the government frames this issue as whether CSRA provides the exclusive remedy, however, we note that McDaniel is free to pursue compensation under either FECA or CSRA or both. Referring to plaintiff's potential choice between the ERA and FECA, the DeFord court noted that, "[e]ven if the FECA could be read such that it might otherwise apply to this case, DeFord should be allowed to make an election between alternative payments and benefits due him under administrative frameworks provided by Congress." *DeFord v. Secretary of Labor*, 700 F.2d 281, 290 (6th Cir.1983); see also *Jones v. TVA*, 948 F.2d 258, 264 (6th Cir.1991) (noting that "[p]laintiff has recourse primarily through the CSRA and also the ERA").

### V

For the foregoing reasons, the district court's judgment is AFFIRMED.