23 F.3d 408
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Willard E. THURMAN, Plaintiff-Appellant,
v.
UNITED STATES NAVAL ORDNANCE; United States of America,
Defendants-Appellees,
William P. Mitchell, Jr.; William J. Hudson, Jr.; James
Bryan, Defendants.
 No. 93-6367.
 United States Court of Appeals, Sixth Circuit.
 May 9, 1994.
 
 1
 Before: KEITH and SUHRHEINRICH, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Willard E. Thurman, a pro se Kentucky resident, appeals a district court grant of judgment in this case brought pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. Sec. 2675. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Thurman filed a complaint alleging claims under the FTCA which arose after Thurman was suspended from his employment as an ordnance equipment helper at the Naval Ordnance Station in Louisville, Kentucky. Thurman was suspended for 14 days in 1990 due to his alleged unauthorized possession and use of alcohol while on the job.
 
 
 4
 The district court dismissed the individual defendants, William Mitchell, Jr., William Hudson, Jr., and James Bryan, from the lawsuit. The parties then consented to conduct all proceedings before a magistrate judge. The magistrate judge initially gave Thurman an opportunity to amend his complaint after the United States argued that the district court lacked subject matter jurisdiction to adjudicate Thurman's lawsuit. After plaintiff filed a response, the magistrate judge ultimately granted the defendants' summary judgment motion and dismissed the case, finding that the court lacked jurisdiction to consider Thurman's claims under the FTCA.
 
 
 5
 Although Thurman was represented by counsel at the time of the district court proceedings, he is proceeding pro se on appeal. Thurman's brief is construed as alleging those claims which he raised in the district court. However, in his brief, Thurman does not address the issue of the district court's dismissal of several individual defendants from his lawsuit or whether the district court had jurisdiction to adjudicate his claims.
 
 
 6
 Initially, it is noted that the district court dismissed Thurman's lawsuit based on lack of subject matter jurisdiction. On appeal, Thurman has not raised the issue of whether the district court properly dismissed several individual defendants from his lawsuit or whether the district court had jurisdiction to adjudicate his lawsuit. Claims which were raised in the district court yet not raised on appeal are considered abandoned and not reviewable. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986). However, because Thurman is proceeding pro se on appeal, the court will address the question of the district court's jurisdiction.
 
 
 7
 Upon de novo review, we conclude that the district court properly granted summary judgment in favor of the defendants because there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The district court lacked subject matter jurisdiction to adjudicate Thurman's lawsuit because Thurman's sole remedy was not under the FTCA but rather under the Civil Service Reform Act, 5 U.S.C. Secs. 7121, 7105-7701, and the Federal Employees' Compensation Act, 5 U.S.C. Secs. 8101-8193. See United States v. Fausto, 484 U.S. 439, 445-47 (1988); McDaniel v. United States, 970 F.2d 194, 197-98 (6th Cir.1992) (per curiam).
 
 
 8
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation