**Theodore E. McENTEE, Plaintiff,**

v.

**William J. HENDERSON, et al., Defendants.**

**No. C–1–00–769.**

United States District Court, S.D. Ohio, Western Division.

June 27, 2001.

Geoffrey Parker Damon, Damon Law Office, Cincinnati, OH, for Theodore E. McEntee, plaintiffs.

Gerald Francis Kaminski, U.S. Attorney, Cincinnati, OH, for William J Henderson, in his official capacity as Postmaster General of the United States of America, United States of America, defendants.

## ORDER

SPIEGEL, Senior District Judge.

This matter is before the Court on Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and the Failure to State a Claim Upon Which Relief Can Be Granted, or in the Alternative, for Summary Judgment (doc. 5); Plaintiff's Response (doc. 9); Defendants' Reply (doc. 12); Defendants' Motion to Strike Plaintiff's Demand for a Jury Trial (doc. 6); Plaintiff's Response (doc. 10); Defendants' Reply (doc. 13); Plaintiff's Affidavit in Support of and Motion for a Continuance Regarding the Court's Ruling on Defendants' Motion for Summary Judgment Pending Completion of Discovery (doc. 11); and Defendant's Response (doc. 12) to which Plaintiff did not file a Reply.

## BACKGROUND

On September 13, 2000, Plaintiff Theodore McEntee filed suit against the Postmaster General of the United States, William Henderson, in his official capacity and the United States Government, pursuant to the Federal Tort Claims Act, due to workplace injuries sustained by Plaintiff while he was acting within the course and scope of his employment as an elevator mechanic with the United States Postal Service (doc. 1). *See* Title 28 U.S.C. §§ 2671–2680.

For the purpose of Defendants' Motion to Dismiss (doc. 5), the following facts are deemed as undisputed and are taken primarily from Plaintiff's Complaint (*see* doc. 1), as well as the other relevant pleadings that were submitted by the Parties in this case (*see* docs. 5 & 9). *See also* Fed. R.Civ.P. 12(b)(1) & (6).

Plaintiff Theodore McEntee was employed as an elevator mechanic with the United States Postal Service in Cincinnati, Ohio on June 24, 1999, when he became

involved in a workplace accident (doc. 1). On that day, Plaintiff was using an unguarded 10 inch table saw in the carpenter shop in order to cut a piece of plexiglass (*Id.*). The plexiglass jammed and/or turned, causing Plaintiff's left hand to accidentally hit the saw blade (*Id.*). The saw blade severed Plaintiff's left index finger at the first joint requiring amputation of that joint (*Id.*). Additionally, the nail of Plaintiff's left middle finger was permanently destroyed and removed (*Id.*).

On June 25, 1999, Plaintiff filed a compensation claim under the Federal Employment Compensation Act ("FECA"), pursuant to Title 5 U.S.C. § 8101, *et seq.*, with the United States Department of Labor's Office of Workers Compensation Programs ("OWC") concerning the workplace accident (*see* doc. 5, Ex. 1). By a letter dated July 12, 1999, Plaintiff was advised by an OWC Claims Examiner that his claim for compensation under FECA was accepted for: "Amputation, tip of left finger" (*see* doc. 5, Ex. 2).

On January 25, 2000, OWC notified Plaintiff that his scheduled award under FECA was $10,802.71 due to "45% partial impairment to left index finger" (*see* doc. 5, Ex. 3). This sum was paid to Plaintiff in January of 2000 (*Id.*). On June 28, 2000, OWC upgraded the degree and nature of Plaintiff's workplace injury to an additional "10% loss of use of left hand" (*see* doc. 5, Ex. 4). Accordingly, Plaintiff's scheduled award under FECA was increased by an additional $3,522.53 (*Id.*). The additional compensation was paid to Plaintiff on June 23, 2000 and June 30, 2000 (*Id.*). Thus, Plaintiff's total scheduled award under FECA, exclusive of medical benefits, was $14,325.24 for an injury described as a "55% partial impairment to left index finger" (*Id.*).

On February 16, 2000, Plaintiff filed an administrative tort claim under the Federal Tort Claims Act ("FTCA"), pursuant to Title 28 U.S.C. § 2671, *et seq.*, with the Postal Service concerning his workplace accident of June 24, 1999 (*see* doc. 5, Ex. 9). Defendants allege that the administrative tort claim was virtually identical to Plaintiff's FECA claim (*see id.*, Exs. 1 & 9).

On April 4, 2000, the Postal Service denied Plaintiff's administrative tort claim (*Id.*, Ex. 10). Defendant asserts that the basis for the denial was, because the injuries sustained by Plaintiff occurred while Plaintiff was within the course and scope of his employment with the Postal Service, his exclusive remedy was under FECA, pursuant to which he already requested and received benefits, and not under the FTCA (*Id.*).

On September 13, 2000, Plaintiff Theodore McEntee filed the present lawsuit pursuant to the FTCA (doc. 1). In his Complaint, Plaintiff asserts three claims against Defendants Postmaster General and the United States: (1) an intentional tort, (2) negligent infliction of emotional distress, and (3) intentional infliction of emotional distress (*Id.*). All of the claims listed in the Complaint are based upon the workplace accident of June 24, 1999, for which he allegedly previously applied for and obtained compensation under FECA (*Id.*).

On November 29, 2000, Defendants filed, in lieu of an Answer to the Complaint, a Motion to Dismiss, pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure (*see* doc. 5). Thereafter, Plaintiff filed his Response (doc. 9), followed by Defendants' Reply (doc. 12). This matter is now considered ripe for the Court's determination.

## STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss requires a court to determine whether a cognizable claim has been pleaded in the

complaint. The basic federal pleading requirement is contained in Fed.R.Civ.P. 8(a)(2), which states that a pleading "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." *Westlake v. Lucas,* 537 F.2d 857, 858 (6th Cir.1976). Rule 8(a)(2) of the Federal Rules of Civil Procedure operates to provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

In reviewing a dismissal under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint. *Windsor v.. The Tennessean,* 719 F.2d 155, 158 (6th Cir.1983), *cert. denied,* 469 U.S. 826, 105 S.Ct. 105, 83 L.Ed.2d 50 (1984). The motion to dismiss must be denied unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle her to relief. *Id.* at 158 (citing *Conley,* 355 U.S. at 45–46, 78 S.Ct. 99). The Sixth Circuit, in the case of *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir.1993), explained that when a court is evaluating a motion to dismiss, the court:

> must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief.

*Id.,* 991 F.2d at 1240; *see also Walker v. Colton Trust,* 33 F.Supp.2d 585, 589 (E.D.Mich. 1999). The Sixth Circuit further held that the complaint "need only give 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Id.* (quoting *Lawler v. Marshall,* 898 F.2d 1196, 1199 (6th Cir.1990)).

In addition, the Sixth Circuit stated the proper threshold for a Rule 12(b)(6) dismissal:

> [W]e are not holding the pleader to an impossibly high standard; we recognize the policies behind rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.

*Scheid v. Fanny Farmer Candy Shops. Inc.,* 859 F.2d 434, 437 (6th Cir.1988) (quoting *O'Brien v. DiGrazia,* 544 F.2d 543, 546 n. 3 (1st Cir.1976)).

## DISCUSSION

In their Motion to Dismiss (doc. 5), Defendants present the following arguments in favor of the Court dismissing this action. First, Defendants assert that the United States is the only proper party-defendant to a lawsuit brought under the FTCA. Secondly, Defendants contend that this Court lacks subject matter jurisdiction over the workplace accident that constitutes the subject matter of this lawsuit in that Plaintiff's exclusive remedy with respect to the workplace accident lies under FECA. *See* Fed.R.Civ.P. 12(b)(1). Thirdly, Defendants further contend that this Court lacks jurisdiction over Plaintiff's claims due to the fact that Plaintiff has sought and received compensation under FECA with respect to the workplace accident. *See* Fed.R.Civ.P. 12(b)(1) & (6). Finally, Defendants maintain that this Court cannot grant Plaintiff his requested relief with respect to his claim for punitive damages, because 28 U.S.C. § 2674 precludes the award of punitive damages against the United States under the FTCA. *See* Fed. R.Civ.P. 12(b)(6).

In his Response (doc. 9), Plaintiff first asserts that this Court should follow the holding as stated in the case of *Sheehan v.*

*United States,* 896 F.2d 1168, 1169 (9th Cir.1990), in which the Ninth Circuit Court of Appeals ruled that the FECA does not preclude tort claims brought by federal employees for intentional and negligent infliction of emotional distress that are work-related, because FECA only compensates federal employees for physical harm that is work-related. Second, Plaintiff asserts that this Court, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, should stay a ruling on Defendants' Motion to Dismiss so that he can obtain additional discovery concerning any prior accidents involving the table saw with which he was injured, and further investigate the Postal Service's compliance with federal workplace safety regulations requiring the "guarding" of the table saw in question.

The Court notes that Plaintiff does not challenge or defend any other fact, assertion, or legal theory put forth by Defendants in their Motion to Dismiss (*see* doc. 9).

Having reviewed this matter, the Court hereby finds Defendants' Motion to Dismiss (*see* doc. 5) to be persuasive for several reasons. First, by the enactment of Title 28 U.S.C. § 1346(b)(1), the United States Congress provided a limited waiver of the sovereign immunity of the United States with respect to certain tort actions, and vested the district courts with

> ... exclusive jurisdiction of civil actions on claims against the *United States* for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.

*Id.* (emphasis added). In addition, pursuant to 39 U.S.C. § 409(c), tort claims arising out of the activities of the Postal Service must be brought under the FTCA.

■ In interpreting the FTCA, the federal courts have uniformly held that the United States is the proper party-defendant in a lawsuit brought under the Act. *See Allgeier v. United States,* 909 F.2d 869, 871 (6th Cir.1990) ("The FTCA clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee.") (citing to 28 U.S.C. § 2679(a)); *Mignogna v. Sair Aviation, Inc.,* 937 F.2d 37, 40 (2d Cir.1991); *Galvin v. Occupational Safety & Health Admin.,* 860 F.2d 181, 183 (5th Cir.1988) ("It is beyond dispute that the United States, and not the responsible agency or employee, is the proper party-defendant in a Federal Tort Claims Act suit.").

■ Secondly, FECA provides the exclusive remedy for federal employees with respect to workplace related injuries. As set forth in 39 U.S.C. § 1005(c), Postal Service employees are specifically covered by FECA. In this regard, 5 U.S.C. § 8116(c) provides as follows:

> The liability of the United States ... under this subchapter ... with respect to the injury or death of an employee is *exclusive and instead of all other liability under the United States* ... to the employee ... because of the injury or death in a direct judicial proceeding, in a civil action ... or under a Federal tort liability statute.

*Id.* (emphasis added).

The Supreme Court addressed the exclusivity of FECA in *Lockheed Aircraft Corp. v. United States,* 460 U.S. 190, 193–94, 103 S.Ct. 1033, 74 L.Ed.2d 911 (1983), and noted the following:

> FECA's exclusive-liability provision was enacted in substantially its present form in 1949 ... It was designed to protect the Government from suits under statutes, such as the Federal Tort Claims Act, that had been enacted to waive the Government's sovereign immunity. In enacting this provision, Congress adopted the principal compromise—the "quid pro quo"—commonly

found in workers' compensation litigation: employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for legislation, but in return they lose the right to sue the Government. *Lockheed Aircraft,* 460 U.S. at 193–94, 103 S.Ct. 1033 (citing H.R. Rep. Bill. 729, 81st Cong., 1st Sess., 14–15 (1949)).

Thus, "once an injury falls within the coverage of FECA, its remedies are exclusive and no other claims can be entertained by the court." *Jones v. Tennessee Valley Authority,* 948 F.2d 258, 265 (6th Cir.1991); *see also Saltsman v. United States,* 104 F.3d 787, 790 (6th Cir.1997) ("The statute certainly provides the exclusive remedy for all damages arising out of a discrete personal injury which kills or disables an employee.") (citing *Figueroa v. United States,* 7 F.3d 1405, 1408 (9th Cir. 1993) (upholding the dismissal of FTCA claims regarding mental distress when the distress derived from the plaintiffs concerns their physical injuries)); *Baker v. Barber,* 673 F.2d 147, 148 (6th Cir.1982) ("This provision precludes recovery under the Tort Claims Act if relief is already available under the FECA.").

■ Thirdly, the exclusivity of FECA is applicable, even if FECA does not afford an injured employee all of the elements of damage that could be obtained in an action brought under the FTCA. *See Saltsman,* 104 F.3d at 790 ("Plaintiffs cannot avoid the exclusive and limited nature of relief under FECA by labeling their various damages as an array of different claims to which defendant is subject, some covered by FECA and some not."); *see also Benton v. United States,* 960 F.2d 19, 21 (5th Cir.1992); *Griffin v. United States,* 703 F.2d 321, 322 (8th Cir.1983). Moreover, there is no intentional tort exception to FECA exclusivity. *See McDaniel v. United States,* 970 F.2d 194, 197–98 (6th Cir. 1992) (holding that a claim for intentional

infliction of emotional distress was precluded by FECA); *Jones,* 948 F.2d at 265 (same); *Heilman v. United States,* 731 F.2d 1104, 1111 n. 6 (3d Cir.1984) (same).

Fourth, in *McDaniel v. United States,* No. C–3–91–154, 1991 WL 398674, *1 (S.D.Ohio Sept.17, 1991), Judge Rice, the Chief Judge of the United States District Court for the Southern District of Ohio, was confronted with the issue of whether a Postal Service employee's claims of negligent and/or intentional infliction of emotional distress, based upon purported actions of harassment, humiliation and intimidation by his supervisor, were covered under FECA. While acknowledging there was a split of authority on the issue, and specifically referencing the case of *Sheehan v. United States,* 896 F.2d 1168 (9th Cir.1990) as authority for the proposition that emotional injuries are covered by FECA, Judge Rice explicitly rejected the holding in *Sheehan* and ruled as follows:

> This Court is convinced that those courts which have concluded that FECA covers emotional injuries are correctly decided.... [T]his Court concludes that FECA is the Plaintiff's sole remedy for the emotional injuries he alleges that he suffered in the course of his employment

*McDaniel,* 1991 WL 398674, at *2. Accordingly, Judge Rice dismissed the lawsuit for want of subject matter jurisdiction. *Id.* at *3.

On appeal, the Sixth Circuit Court of Appeals affirmed Judge Rice's decision. *See McDaniel v. United States,* 970 F.2d 194, 197–98 (6th Cir.1992) ("Because we agree that FECA covers McDaniel's claims, remand to the District Court is unnecessary; whether the Secretary ultimately decides to compensate McDaniel is simply not relevant to the merits of his claim in the instant appeal."); *see also Saltsman,* 104 F.3d at 790; *Jones,* 948 F.2d at 265 (upholding the dismissal of a

claim for intentional infliction of emotional distress because FECA provided the only remedy for an employee disabled by work-related stress).

■ Fifth, in the enactment of the FTCA, Congress provided at 28 U.S.C. § 2674 that, "[t]he United States ... shall not be liable for interest prior to judgment or for punitive damages." *See also Molzof v. United States,* 502 U.S. 301, 305–306, 112 S.Ct. 711, 116 L.Ed.2d 731 (1992); *Fitch v. United States,* 513 F.2d 1013, 1016 (6th Cir.1975) ("We note, however, that the District Court awarded punitive damages in contravention of the explicit bar of punitive awards stated in 28 U.S.C. § 2674."); *Sitka v. United States,* 903 F.Supp. 282, 285 (D.Conn.1995) ("[T]he FTCA prohibits a plaintiff from recovering punitive damages in an action against the United States.") (citing to 28 U.S.C. §§ 2674 & 2860(c)).

■ Finally, Plaintiff seeks a postponement of this Court's ruling on Defendants' Motion to Dismiss in order to obtain discovery concerning other accidents involving the table saw with which he was injured, and the Postal Service's compliance with federal safety regulations requiring the "guarding" of the table saw (*see* doc. 9). *See also* Fed.R.Civ.P. 56(f). However, the Court notes that nowhere in Plaintiff's Response does he attempt to explain how such information will enable him to defeat the pending jurisdictional Motion that is now before us (*Id.*). *See also Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 409 (6th Cir.1998) ("Rule 56(f), however, 'is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious.' The nonmoving party must show how postponement of a ruling on the motion will enable him to rebut the motion for summary judgment.") (citing *Emmons v. McLaughlin,* 874 F.2d 351, 356 (6th Cir.

1989)). In addition, in the time that has passed since Defendants have first filed their Motion to Dismiss, Plaintiff has not sought leave of this Court to file any supplemental pleadings supporting his initial Response with whatever pertinent discovery material that he may have uncovered in defense of the Motion to Dismiss (*see* doc. 11). As such, Plaintiff's request for more time is legally and factually insufficient.

## CONCLUSION

For the reasons set forth above, the Court hereby GRANTS Defendants' Motion to Dismiss (doc. 5), DENIES Plaintiff's Motion to Continue the Court's Ruling (doc. 11), and DISMISSES WITH PREJUDICE Plaintiff's Complaint (doc. 1). *See* Fed.R.Civ.P. 12(b)(1) & (6). Having dismissed Plaintiff's Complaint from the Court's active docket, the Court also VACATES our March 14, 2001 Preliminary Pretrial Order (*see* doc. 14), and, therefore, we also find Defendants' Motion to Strike Plaintiff's Demand for a Jury Trial to be MOOT (doc. 6).

SO ORDERED.