**Willard J. FRANKLIN, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 02–4007.

United States Court of Appeals, Sixth Circuit.

Jan. 29, 2004.

Willard J. Franklin, Avery, TX, pro se.

Kathleen L. Midian, Asst. U.S. Attorney, U.S. Attorney's Office, Cleveland, OH, for Defendant–Appellee.

Before MERRITT and SUTTON, Circuit Judges; and FEIKENS, District Judge.*

## ORDER

Willard J. Franklin appeals pro se the district court order dismissing his action filed under the Federal Tort Claims Act (FTCA) and the Labor–Management Reporting and Disclosure Act (LMRDA). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking over six million dollars in damages, Franklin sued the United States of America. Franklin, a former postal worker in the Cleveland. Ohio, district, alleged that the defendant relied on inaccurate information in his personnel file to deny his request for a transfer. Franklin claimed that the denial caused him to quit his job and suffer emotional harm. The district court granted Franklin in forma pauperis status but dismissed the complaint as frivolous. *See* 28 U.S.C. § 1915(e). The court held that Franklin had no cause of action under the FTCA because the Civil Service Reform Act of 1978 (CSRA) provides the exclusive remedy for review of federal personnel actions, that Franklin had no cause of action for his personal injury because the Federal Employee Compensation Act (FECA) provides the exclusive remedy for personal injury actions arising out of federal employment, and that the LMRDA did not apply. The district court also denied Franklin's motion for reconsideration.

On appeal, Franklin reasserts his district court claims.

We review de novo a district court's decision to dismiss under 28 U.S.C. § 1915(e)(2). *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). A case is frivolous if it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Upon review, we affirm the district court's decision for the reasons stated by the district court. First, the CSRA abrogated any statutory or non-statutory right to judicial review of adverse personnel ac-

---

* The Honorable John Feikens, United States District Judge for the Eastern District of Michigan, sitting by designation.

tions that postal employees may have enjoyed. *United States v. Fausto,* 484 U.S. 439, 454, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988). Second, the FECA provides the exclusive remedy for claims of emotional distress by federal employees. *McDaniel v. United States,* 970 F.2d 194, 197 (6th Cir.1992). Third, the LMRDA applies to improper actions by union officials and must be brought against unions, and thus does not apply to Franklin's complaint. *See* 29 U.S.C. § 501(b).

Even construing liberally Franklin's pro se complaint, *see Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the complaint lacks an arguable basis in law. *See Neitzke,* 490 U.S. at 325, 109 S.Ct. 1827. For the foregoing reasons, we affirm the district court's decision. Rule 34(j)(2)(C), Rules of the Sixth Circuit.