Eddie PRITCHETT, Plaintiff,

v.

Marlene JOHNSON, Defendant.

No. CIV 05–10135BC.

United States District Court,
E.D. Michigan, Northern Division.

Nov. 8, 2005.

Jack L. Schreiman, Southfield, MI, for plaintiff.

James A. Brunson, U.S. Attorney's Office, Bay City, MI, for defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE AND GRANTING DEFENDANT'S MOTION TO DISMISS

LAWSON, District Judge.

This matter is presently before the Court on objections to a report filed by Magistrate Judge Charles E. Binder, acting under an order of reference, recommending that the Court allow the United States to substitute as the defendant in this case and grant the motion to dismiss the complaint. The plaintiff filed timely objections, to which the defendant responded, and the matter is before the Court for a *de novo* review. The Court finds that the plaintiff's objections lack merit, the defendant properly has been certified under the Westfall Act as acting within the scope of her employment at the time of the alleged negligent act that injured the plaintiff and the plaintiff has offered no evidence otherwise to require a hearing on that point, the United States should be substituted as the defendant, and the plaintiff's exclusive remedy lies in the Federal Employees' Compensation Act (FECA). The Court, therefore, will overrule the plaintiff's objections, adopt the report and recommendation, and grant the motion to dismiss.

I.

As mentioned, the complaint in this case sounds in negligence. The plaintiff alleges that he worked as a nursing assistant at the Veterans' Administration (VA) Hospital in Saginaw, Michigan. Marlene Johnson, the defendant, was the plaintiff's nurse manager. On December 30, 2002, while the plaintiff was at work, he announced that he did not feel well and decided to lie down. The plaintiff alleges that the defendant ordered him back to work, and when he refused she attempted

to physically force him to return to his duties. As the defendant pulled on the plaintiff's hand in an effort to bring him to an upright position, the plaintiff alleges that she caused "severe and serious injuries including but not limited to injury to the right thumb, metacarpal phalangeal joint, traumatic arthritis, capsulitis, injury to tendons and ligaments and sequalae." Pl.'s Complaint 2.

In its motion to dismiss filed on behalf of Marlene Johnson, the United States alleges that the plaintiff filed a workers' compensation claim related to the incident. In support of that allegation, it has submitted a February 25, 2003 letter to the plaintiff from the VA workers' compensation department notifying the plaintiff that his claim was accepted. Gov.'s Mot. to Dismiss Ex. C. The claim was for a "Right Thumb Sprain." *Id.* The United States also has submitted a letter from a workers' compensation claim examiner to the VA hospital's chief of human resources. Gov.'s Mot. To Dismiss Ex. D. The claim examiner summarized the department's decision:

> [The plaintiff] is a Federal employee who sustained a disabling traumatic injury in the performance of duty. While you state that Ms. Johnson placed her hand on [the plaintiff's] arm and that she did not grab his hand, other witness statements support that she attempted to assist him by pulling his hand.... [The doctor's report] supports that the injury occurred as a result of work factors. Therefore, Mr. Pritchard [sic] has met his burden of proof and established that he sustained a work related injury.

*Ibid.*

On January 25, 2005, the plaintiff filed a complaint in the Saginaw County, Michigan circuit court alleging a single negligence count against defendant Johnson. The complaint asserts that the defendant breached duties owed to the plaintiff, including the duty "to conduct herself in a safe, proper and negligent free manner towards Plaintiff," and as a result of the breach, the "plaintiff sustained severe and serious injuries." Pl.'s Compl. ¶ 11. On May 9, 2005, the defendant removed the action to this Court. On May 16, 2005, the government filed a motion to substitute the United States as defendant and to dismiss the plaintiff's complaint. This motion was referred to the magistrate judge on June 13, 2005. Magistrate Judge Binder filed his report and recommendation on August 31, 2005, recommending the Court grant the government's motion.

The magistrate judge's primary focus in his report was on the exclusive remedy bar of the Federal Employees' Compensation Act. He wrote that the plaintiff unequivocally stated in the complaint that the injury occurred during his employment at the VA hospital, and therefore, as explained in detail in *McEntee v. Henderson,* 154 F.Supp.2d 1286, 1290–91 (S.D.Ohio 2001), the plaintiff's sole remedy under 5 U.S.C. § 8116(c) is provided in the FECA. Report at 5–6. The magistrate judge also mentioned that based on the allegations in the complaint that defendant Johnson was also a government employee, the claim must arise under the Federal Tort Claim Act, which includes a requirement in 28 U.S.C. § 2675(a) of exhaustion of administrative remedies as a prerequisite to suit. Report at 7–9. He cited the plaintiff's failure to exhaust as an alternate ground for dismissal.

The plaintiff filed timely objections to the report and recommendation advancing two arguments. First, the plaintiff contends that the magistrate judge should have conducted a hearing to determine whether defendant Johnson was acting within the scope of her employment rather than accept the government's certification.

Second, he contests the magistrate judge's ruling that the plaintiff cannot proceed absent exhaustion of remedies under the Federal Tort Claims Act because "it is clear that Plaintiff's status as a federal employee precludes any rights under the Federal Tort Claims Act." Obj. at 2–3.

## II.

The plaintiff does not contest the logic of the magistrate judge's report: if the defendant is a federal employee, then the action in effect is against the United States pursuant to 28 U.S.C. § 2679(d)(2) (stating that "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding ... shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant"); and if the plaintiff also was a federal employee at the time, his exclusive remedy lies in the FECA. Rather, the plaintiff attacks the underlying premise of this argument by claiming that the Court may not accept the allegation on its face, even after proper certification by the Attorney General or his designate, that the defendant was acting within the scope of her employment. The plaintiff contends that *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 115 S.Ct. 2227, 132 L.Ed.2d 375 (1995), supports his argument.

The Court believes, however, that the plaintiff reads too much into the Supreme Court's decision in *Gutierrez de Martinez*. Although the Court there held that the Attorney General's certification decision is reviewable by the district court, it did not mandate a hearing on scope-of-employment questions in every case, and it did not discuss the standard of review. Rath-

er, it left the latter issue for the court of appeals to decide on remand to the Fourth Circuit.

On remand, the Fourth Circuit Court of Appeals summarized the procedure to be followed:

In short, the scope-of-employment certification is prima facie evidence that the defendant federal employee acted within the scope of his employment, thereby placing the burden on the plaintiff to prove otherwise. If the plaintiff does not come forward with any evidence, the certification is conclusive. Moreover, the plaintiff's submission must be specific evidence or the forecast of specific evidence that contradicts the Attorney General's certification decision, not mere conclusory allegations and speculation. If the plaintiff's evidence is sufficient to carry the burden of proof, the defendant federal employee or the Government may come forward with evidence in support of the certification. At this point, the district court may permit (and limit) any needed discovery. Thereafter, the district court must determine whether there are any genuine issues of fact material to the scope-of-employment decision, and, if so, it may conduct an evidentiary hearing to resolve these factual issues. Once any factual issues are resolved, the district court should weigh the evidence on each side to determine whether the certification should stand. During this process, the district court should remain cognizant of the considerations weighing against protracted litigation under the Westfall Act.

*Gutierrez de Martinez v. Drug Enforcement Admin.*, 111 F.3d 1148, 1155 (4th Cir.1997). The Supreme Court denied certiorari on this decision, *Gutierrez de Martinez v. Lamagno*, 522 U.S. 931, 118 S.Ct. 335, 139 L.Ed.2d 260 (1997), and the Sixth Circuit has cited this case with approval in

an unpublished decision. *See Gilbar v. United States,* 229 F.3d 1151 (Table), 2000 WL 1206538 (6th Cir.2000) (unpublished).

The Westfall Act, 28 U.S.C. § 2679, authorizes the Attorney General to certify that a government employee who has been sued was acting within the scope of employment at the time of the incident. A regulation authorizes the local United States Attorney to make that certification as well. *See* 28 C.F.R. § 15.4. Although initially the defendant did not comply strictly with the applicable procedures, eventually proper certification was furnished. Therefore, the government has met its obligation to establish *prima facie* that defendant Johnson was acting within the scope of her employment.

The plaintiff is correct that the certification decision is reviewable by a court, but a plaintiff challenging the certification decision bears the burden to prove certification was inappropriate and is required to submit some evidence or argument that the action in question was not within the scope of employment. *Gutierrez de Martinez v. Drug Enforcement Admin.,* 111 F.3d 1148, 1155. "[M]ere conclusory allegations and speculation" are insufficient to overcome the certification. *Ibid.*

The plaintiff's objections do not provide any evidence from which the court could conclude that the defendant's actions were not within the scope of her employment. The plaintiff merely objects to the finding that the defendant acted within the scope of her employment and requests a hearing. A hearing is only necessary to decide the scope-of-employment issue if there are disputed issues of fact. *See Gilbar,* 229 F.3d 1151 (Table), 2000 WL 1206538 at *3. In this case, the government brought its motion under Federal Rule of Civil Procedure 12(b)(1). "[W]here the facts are relatively simple, [and] substantially uncontroverted, and the law is not complex, ... a district court [is] justified in ruling on a motion under Fed.R.Civ.P. 12(b)(1) without pausing to make findings on disputed questions of fact." *Commodities Export Co. v. United States Customs Serv.,* 888 F.2d 431, 436–37 (6th Cir.1989) (internal quotation marks and citation omitted). The government has not disputed the facts as set forth in the plaintiff's complaint, and the Court therefore can assess the certification based on the pleadings alone. An evidentiary hearing in this case is not necessary. *See Kerry Steel, Inc. v. Paragon Indus., Inc.,* 106 F.3d 147, 154 (6th Cir.1997) (holding that in ruling on a motion under Rule 12(b)(1), "the [district] court assumed all of the plaintiff's factual allegations to be true. Because there were no facts in dispute, there was no need for an evidentiary hearing").

When a district court reviews a scope of employment certification, it looks to the law of the state where the incident in question occurred.

Whether an employee's actions are within the scope of his employment for purposes of the Westfall Act is an issue that must be determined in accordance with the law of the state where the incident occurred. Accordingly, under Michigan law an employee is acting within the scope of his employment if he is engaged in the service of his master. The determinative question is whether the employee's actions are within his authority. Furthermore, an employee's actions may be within the scope of his or her employment even if the actions constitute intentional torts. The scope of employment issue is regarded as one of law, not fact.

*Arbour v. Jenkins,* 903 F.2d 416, 421–22 (6th Cir.1990) (internal citations omitted). Under Michigan law,

The purpose of the service rendered by the employee, and not the method of performance, is the test of whether or

not the servant is within the scope of his employment. If the purpose is to further the master's business and not that of the servant, the latter is within the scope of his employment though he be negligent or disobeys orders as to the method of its execution.

*Renda v. Int'l Union, United Auto., Aircraft and Agric. Implement Workers of Am.,* 366 Mich. 58, 95, 114 N.W.2d 343, 361 (1962).

In his complaint, the plaintiff alleged that he was employed by the VA hospital, the defendant also was employed by the VA hospital and was his supervisor, and the injury occurred during an altercation over the plaintiff's attempt to take a work break and the defendant's insistence that he return to work. Compl. ¶¶ 4–7. It plainly appears from the allegations in the plaintiff's own complaint that the certification by the Attorney General's designate that the defendant was acting within the scope of her employment was correct, and the plaintiff has offered no legitimate factual or legal basis to challenge that certification.

The plaintiff's second objection has merit, but it helps him not at all. The way the Court reads that objection, the plaintiff asserts that because he is a federal employee, he cannot bring an action against the United States under the Federal Tort Claims Act, and therefore the administrative exhaustion requirements of that Act do not apply to him. The Court agrees that the plaintiff may not sue his supervisor under the FTCA or any other federal statutory or common law theory; his exclusive remedy is the federal workers' compensation mechanism. 5 U.S.C. § 8116. That proposition was settled in this Circuit almost forty years ago in *Vantrease v. United States,* 400 F.2d 853 (6th Cir.1968), a virtual template for the present matter. The court explained:

Plaintiff was injured while within the scope of his employment as a mail carrier for the United States Post Office when struck by a car driven by another Post Office employee, Cameron, who was also within the scope of his employment. Plaintiff received benefits under the Federal Employees' Compensation Act ... and then brought a common law negligence action against Cameron in the state courts of Michigan. Upon certification by the United States Attorney that Cameron was acting within the scope of his employment at the time of the incident, the cause was removed to the United States District Court ... and the United States was substituted as the party defendant.

.     .     .     .

[W]hen a claimant such as plaintiff here is a federal employee who is entitled to benefits under the Federal Employees' Compensation Act, he cannot recover against the United States under the Tort Claims Act since the compensation act provides that 'the liability of the United States or any of its instrumentalities under sections 751–756, 757–781, 783–791 and 793 of this title or any extension thereof with respect to the injury or death of an employee shall be exclusive, and in place, of all other liability of the United States or such instrumentality to the employee....' 5 U.S.C. § 757(b) (now recodified, 5 U.S.C. (Supp.II) § 8116(c)).

.     .     .     .     .

Plaintiff does not assert a right of action against the United States. In this respect it is clear that a federal employee's exclusive remedy against the United States for injuries sustained while within the scope of employment is under the Federal Employees' Compensation Act.... However, even though plaintiff was injured while within the scope of his employment and collected benefits un-

der the federal compensation act, he contends that he is entitled to pursue his common law action against the alleged tortfeasor, and that the District Court erred in denying his motion to remand the cause.

.   .   .   .   .

We believe this argument was properly rejected.

*Id.* at 854–55 (citations omitted).

The magistrate judge's observations on the FTCA's administrative requirements were offered as an alternative basis for the dismissal of the case. There is no need, however, to address that ground because, as the plaintiff observes, he cannot bring an action against a co-worker or supervisor under that Act in the circumstances of this case.

### III.

The Court finds that the magistrate judge correctly determined the issues presented in this case by the motion of the United States. Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections to the magistrate judge's report and recommendation are **OVERRULED**.

It is further **ORDERED** that the defendant's motion to substitute the United States as a party defendant and dismiss the complaint [dkt # 2] is **GRANTED**.

It is further **ORDERED** that the complaint is **DISMISSED** with prejudice.

*MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON GOVERNMENT'S MOTION TO DISMISS COMPLAINT* (Dkt.2)

BINDER, United States Magistrate Judge.

### I. *RECOMMENDATION*

For the reasons set forth below, **IT IS RECOMMENDED** that the Government's Motion to Dismiss Complaint be **GRANTED**.

### II. *REPORT*

#### A. Introduction and Facts

Pending, pursuant to an Order of Reference from United States District Judge David Lawson, is the above-entitled motion. Plaintiff has filed a response opposing the motion (Dkt.4), and Defendant has filed a reply (Dkt.5). Upon review, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), this motion is ready for Report and Recommendation without oral argument.

Plaintiff originally filed this action in Saginaw County Michigan Circuit Court in late January 2005. The three-page complaint alleges that Plaintiff was employed by the Veterans Administration as a nursing assistant at the Veterans Administration Hospital located in Saginaw, Michigan, and that Defendant was Plaintiff's nursing supervisor. (Compl., Dkt. 1 ¶¶ 4,6.) According to the complaint, on or about December 30, 2002, Plaintiff became ill while at work and was forced to stop work and rest in a quiet place. (Compl., Dkt. 1 ¶ 5.) Plaintiff alleges that Defendant Johnson was called to the room to investigate and ordered Plaintiff "to return to work or be written up for insubordination." (*Id.* ¶ 7.) The complaint sounds in negligence alleging that Defendant Johnson had duties to conduct herself in a "safe, proper and negligent free manner," and to use "due care and caution" when dealing with Plaintiff. (*Id.* ¶ 8.) The complaint alleges that as a result, "Plaintiff was seriously injured when Defendant pulled on his hand and arm to raise him from a seated position[,]" resulting in injuries to Plaintiff's right thumb and hand. (*Id.* ¶¶ 10–11.) The

complaint seeks an award of damages in an amount greater than $25,000.00. (*Id.* ¶ 13.) An Assistant United States Attorney, acting on behalf of the individual Defendant, removed the case to this Court on May 9, 2005. (Dkt.1.) Seven days later, the instant motion was filed.

## B. Arguments of the Parties

Citing Rules 12(b)(1–6) of the Federal Rules of Civil Procedure, the government argues that negligence alleged of government employees is governed by the provisions of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.,* and that the United States is the only proper party defendant pursuant to 28 U.S.C. § 1346(b). The government next argues that this action is premature, since Plaintiff did not complete the appropriate administrative claim procedure prior to the filing of his complaint. The government also argues that the claim alleged involved a work-related injury for which the Federal Employees Compensation Act ("FECA"), 5 U.S.C. § 8101 *et seq.,* provides the exclusive remedy. Finally, the government argues that the service of process upon the federal government required by Rules 4(i)(1)(A) & (B) of the Federal Rules of Civil Procedure was not accomplished in that the United States Attorney for this district was never served.

Attached to the government's motion is a declaration of Roland Bessette, regional counsel for the Department of Veterans Affairs. He avers that no administrative claims for the injuries alleged in this complaint have ever been filed with the Department of Veterans Affairs, that Ms. Johnson is an employee of the United States, and at the times averred in the complaint was *acting* within the scope of her position and appointment. (Mot., Dkt.2, Ex. A.) Also attached to the motion is a declaration of Gabriel Perez, director of the Saginaw Veterans Hospital. He avers that he is familiar with both Plaintiff and Defendant, as well as with the incidents alleged in Plaintiff's state court complaint, and states that at all relevant times Defendant Johnson was acting within the scope of her employment. (*Id.,* Ex. B.) Additional exhibits to the motion include records of the U.S. Department of Labor Office of Workers' Compensation Programs notifying Plaintiff that he had been accepted for compensation based upon a finding of work-related injury. (*Id.,* Exs. C & D.) The final exhibit attached to the motion is a declaration of a senior legal assistant with the Civil Division of the United States Attorney's Office for this district, stating that service of Plaintiff's complaint was never made upon the United States Attorney.

Plaintiff argues in his response that the United States has failed to comply with the provisions of 28 U.S.C. § 2679(c) and (d), and that Ms. Johnson's actions were in fact outside the scope of her employment. In its reply, the government argues that "although plaintiff is technically correct at the time ... [the motion to dismiss was filed], all the steps set forth in 28 U.S.C. § 2679 had not been finalized ... all such requirements have now been fulfilled." (Reply, Dkt. 5 at 4.) Attached to the government's reply is a certification of an Assistant United States Attorney, stating that "on the basis of the information now available with respect to the incident referred to therein, the individual federal defendant, Marlene Johnson, was acting within the scope of her employment as an employee of the United States at the time of such incident." (*Id.,* Ex. A.)

## C. Analysis and Conclusions

### 1. Governing Law

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal for

failure to state a claim upon which relief can be granted. "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993). "In practice, 'a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir.1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir.1984)). Accordingly, when deciding a dismissal motion, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers,* 87 F.3d 176 (6th Cir.1996) (citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir.1993)).

### 2. Discussion

### a. Federal Employees' Compensation Act—Exclusive Remedy

■ The government argues that Plaintiff's claim is barred by operation of the Federal Employees' Compensation Act, 5 U.S.C. § 8101 *et seq.* Plaintiff's complaint unequivocally states that at the time he was injured, "Plaintiff was employed as a nursing assistant" at the Veterans Administration Hospital located in Saginaw, Michigan. (Compl., Dkt. 1 ¶¶ 3–4.) The Veterans Administration is a department of the Executive Branch of the United States Government. With equal clarity, Plaintiff states that Defendant Johnson was "Plaintiff's nurse manager[.]" Exhibits attached to the government's motion indicate that in February 2003, a claim made by Plaintiff for workers' compensation for the injuries alleged in his complaint was accepted, and Plaintiff was granted federal workers' compensation benefits in the form of a continuation of pay for up to 45 days. (Def.'s Mot., Dkt. 2, Ex. C.)

The case of *McEntee v. Henderson,* 154 F.Supp.2d 1286 (S.D.Ohio 2001), and the principles cited therein, are, I suggest, analogous, controlling and dispositive of the instant motion. There, as in this case, a postal service employee filed suit for workplace injuries sustained as part of his employment as an elevator mechanic with the postal service. The plaintiff in that case asserted counts of intentional tort and negligent infliction of emotional distress, all based upon the injuries he sustained while at work. As in this case, Plaintiff applied for and was awarded workers' compensation benefits. As in this case, the government filed a motion to dismiss, arguing, among other things, that the claim was barred by the operation of the FECA. The court agreed, stating:

> ... FECA provides the exclusive remedy for federal employees with respect to workplace related injuries. As set forth in 39 U.S.C. § 1005(c), Postal Service employees are specifically covered by FECA. In this regard, 5 U.S.C. § 8116(c) provides as follows:
>
>> The liability of the United States ... under this subchapter ... with respect to the injury or death of an employee *is exclusive and instead of all other liability under the United States* ... to the employee ... because of the injury or death in a direct judicial proceeding, in a civil action ... or under a Federal tort liability statute.
>
> *Id.* (emphasis added).

The Supreme Court addressed the exclusivity of FECA in *Lockheed Aircraft*

*Corp. v. United States*, 460 U.S. 190, 193–94, 103 S.Ct. 1033, 74 L.Ed.2d 911 (1983), and noted the following:

> FECA's exclusive-liability provision was enacted in substantially its present form in 1949 ... It was designed to protect the Government from suits under statutes, such as the Federal Tort Claims Act, that had been enacted to waive the Government's sovereign immunity. In enacting this provision, Congress adopted the principal compromise—the "quid pro quo"—commonly found in workers' compensation litigation: employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for legislation, but in return they lose the right to sue the Government.

*Lockheed Aircraft*, 460 U.S. at 193–94, 103 S.Ct. 1033, 74 L.Ed.2d 911 (citing H.R. Rep. Bill. 729, 81st Cong., 1st Sess., 14–15 (1949)).

Thus, "once an injury falls within the coverage of FECA, its remedies are exclusive and no other claims can be entertained by the court." *Jones v. Tennessee Valley Authority*, 948 F.2d 258, 265 (6th Cir.1991); *see also Saltsman v. United States*, 104 F.3d 787, 790 (6th Cir.1997) ("The statute certainly provides the exclusive remedy for all damages arising out of a discrete personal injury which kills or disables an employee.") (citing *Figueroa v. United States*, 7 F.3d 1405, 1408 (9th Cir.1993) (upholding the dismissal of FTCA claims regarding mental distress when the distress derived from the plaintiffs concerns their physical injuries)); *Baker v.*

*Barber*, 673 F.2d 147, 148 (6th Cir.1982) ("This provision precludes recovery under the Tort Claims Act if relief is already available under the FECA.").

... [T]he exclusivity of FECA is applicable, even if FECA does not afford an injured employee all of the elements of damage that could be obtained in an action brought under the FTCA. *See Saltsman*, 104 F.3d at 790 ("Plaintiffs cannot avoid the exclusive and limited nature of relief under FECA by labeling their various damages as an array of different claims to which defendant is subject, some covered by FECA and some not."); *see also Benton v. United States*, 960 F.2d 19, 21 (5th Cir.1992); *Griffin v. United States*, 703 F.2d 321, 322 (8th Cir.1983). Moreover, there is no intentional tort exception to FECA exclusivity. *See McDaniel v. United States*, 970 F.2d 194, 197–98 (6th Cir. 1992) (holding that a claim for intentional infliction of emotional distress was precluded by FECA); *Jones*, 948 F.2d at 265 (same); *Heilman v. United States*, 731 F.2d 1104, 1111 n. 6 (3d Cir.1984) (same).

*McEntee v. Henderson*, 154 F.Supp.2d 1286, 1290 –1291 (S.D.Ohio 2001).

I suggest that these principles apply with equal force to the instant case. As in *McEntee*, Plaintiff here is an employee of a department of the Executive Branch of the United States Government. *See* 5 U.S.C. § 8101(1)(B).[1] Plaintiff alleges injuries suffered while at work and for which he applied and received federal workers' compensation benefits. I suggest, therefore, that the instant claim is barred by the "quid pro quo" underlying the FECA, and

---

1. This statute provides in pertinent part:
   For the purpose of this subchapter—(1) "employee" means -
   (A) A civil officer or employee of any branch of the Government of the United States, including an officer or employee of an instrumentality wholly owned by the United States[.]
   5 U.S.C.A. § 8101(1)(A).

as a result, the grant of Defendant's motion is appropriate.

### b. FTCA—Failure to Exhaust Administrative Remedies

In the interest of completeness and judicial economy on appeal, I note in the alternative that Plaintiff brought this action sounding in tort against an employee of the United States in a state court for alleged negligence on the part of Defendant Johnson, whom Plaintiff alleges is another government employee, and the action was removed to this Court. The United States Attorney, acting for the Attorney General, has certified that Defendant Johnson was acting within the scope of her employment at the time of the incident out of which the suit arose. (Def.'s Mot., Dkt 5, Ex. A.) As a result, from the unambiguous allegations of the complaint, I can come to no other conclusion but that these proceedings must now be deemed to be a tort action brought against the United States, to which the FTCA applies. 28 U.S.C. § 2679(d).[2] Plaintiff's arguments to the contrary lack merit, as all the requirements set forth in the FTCA for the United States to assume the defense of this action have been met. *Id.* As a result, government attorneys are required to defend the actions, 28 U.S.C. § 2679(c),[3] and any other civil actions which might be brought against the original defendant by reason of this same subject matter are excluded. 28 U.S.C. § 2679(b)(1).[4] Defendant Johnson is thus relieved of any liability to this Plaintiff for any act or omission which gave rise to these claims, since if any party is now liable to this Plaintiff, it is the United States.

It is settled law that where administrative exhaustion is prescribed by statute as a prerequisite to the district court's jurisdiction, as is the case with the FTCA (28 U.S.C. § 2675(a)),[5] a failure to exhaust

---

2. The relevant provisions of this section provide:

  **(d)(1)** Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

  **(2)** Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

3. The relevant provisions of this section provide that:

  **(c)** The Attorney General shall defend any civil action or proceeding brought in any court against any employee of the Government or his estate for any such damage or injury....

4. The relevant provisions of this section provide that:

  ... Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.

5. The relevant provisions of this section provide that:

  **(a)** An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or

precludes the court from taking jurisdiction of the case. *See Singleton v. United States,* 277 F.3d 864, 872 (6th Cir.2002)(stating that "we have held that the failure to file a timely administrative claim under the FTCA bars federal jurisdiction")(*citing Rogers v. United States,* 675 F.2d 123, 124 (6th Cir.1982)); *see also* 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1350 (2d ed.1990). There is no allegation that Plaintiff undertook the required administrative proceedings. I therefore suggest that Plaintiff's claim in this Court is barred under the FTCA, and that on this alternative ground also supports the grant of the government's motion.[6]

## III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir.1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.,* 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373

(6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

August 31, 2005.

personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section....

6. For similar reasons, I also suggest that the government's remaining arguments have merit and serve as additional alternative bases supporting the grant of the requested dismissal.