Gregory **GOOSBY,** Plaintiff,

v.

**UNITED STATES of America,**
**Defendant.**

**No. 07–2419.**

United States District Court,
W.D. Tennessee,
Western Division.

March 5, 2008.

Juliet Hill–Akines, Law Office of Juliet Hill–Akines, Memphis, TN, for Plaintiff.

Linda Nettles Harris, U.S. Attorney's Office, Memphis, TN, for Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING THE PLAINTIFF'S COMPLAINT

J. DANIEL BREEN, District Judge.

Plaintiff Gregory Goosby brought this action against Special Agent Michael K. McElroy, an employee of the United States Internal Revenue Service ("IRS"), in the General Sessions Court of Shelby County, Tennessee. (Doc. No. 1, Notice of Removal, Ex. A.) Goosby alleged that Agent McElroy submitted a report about Goosby that was based on facts that he knew to be false. (*Id.*) This case was removed to federal court after the United States Attorney for the Western District of Tennessee certified that Agent McElroy was an employee of the IRS who was acting within the scope of his employment. (*Id.,* Ex. B.) The Court subsequently ordered that the United States be substituted for Agent EcElroy as the defendant and dismissed the agent from the case. (Doc. No. 5.)

On June 19, 2007, the United States filed a motion to dismiss. (Doc. No. 3.) The Plaintiff filed a motion to remand on July 16, 2007. (Doc. No. 7.) Both motions were referred to Magistrate Judge Tu M. Pham, who filed a report and recommendation on January 30, 2008, recommending that Goosby's motion to remand be denied and the Defendant's motion to dismiss be granted. (Doc. No. 15.) The parties had until February 19, 2008, to object to Magistrate Judge Pham's report and recommendation. According to the Court's docket, no objections to the magistrate judge's report and recommendation have been filed pursuant to 28 U.S.C. § 636(b)(1)(C).

The Court has reviewed the magistrate judge's report and recommendation, and the entire record of the proceeding before the magistrate judge. No objections having been filed, the Court ADOPTS the magistrate judge's report and recommendation. Therefore, the Plaintiff's motion to remand is DENIED, the Defendant's motion to dismiss is GRANTED and the complaint is hereby DISMISSED. The Clerk is directed to enter judgment in accordance with this Order.

IT IS SO ORDERED.

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO REMAND AND DEFENDANT'S MOTION TO DISMISS

TU M. PHAM, United States Magistrate Judge.

Before the court are defendant United States' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) (D.E. 3) and plaintiff Gregory Goosby's Motion to Remand (D.E. 7). The motions were referred to the Magistrate Judge for a report and recommendation. The court proposes the following findings of fact and conclusions of law and recommends that the Motion to Remand be denied and the Motion to Dismiss be granted.

## I. PROPOSED FINDINGS OF FACT

On April 9, 2007, Goosby filed a civil warrant for defamation of character against Special Agent Michael K. McElroy, an employee of the United States Internal Revenue Service ("IRS"), in the General Sessions Court of Shelby County, Tennessee. (Def.'s Notice of Removal, Ex. A). The civil warrant alleges that Agent McEl-

roy submitted a false report about Goosby based on facts that he knew were false.[1] (*Id.*). Goosby seeks money damages and "other relief both general and specific for which plaintiff may proof [sic] entitled." (*Id.*).

On June 15, 2007, the United States Attorney for the Western District of Tennessee, David Kustoff, pursuant to his authority under 28 C.F.R. § 15.4, certified that Agent McElroy was an employee of the IRS acting within the scope of his employment at all times material to the facts and issues alleged in Goosby's civil warrant.[2] (Def.'s Notice of Removal, Ex. B). The United States filed a Notice of Removal on the same day, stating that the exclusive remedy for acts of negligence against a government employee, while acting within the scope of his employment, is against the United States under the Federal Tort Claims Act ("FTCA"), and moving the court to substitute the United States in place of Agent McElroy as the sole defendant in the case. (*Id.* at ¶¶ 5, 10). On June 26, 2007, the court entered an Order of Substitution and Amending Caption ordering the United States to be substituted for Agent McElroy as the defendant and dismissing Agent McElroy from the case. (D.E. 5).

On June 19, 2007, the United States filed its Motion to Dismiss asserting that a federal employee sued in tort for acts taken within the scope of his employment is absolutely immune from suit under 28 U.S.C. § 2679(d)(2). The United States contends that the defamation claim arose from the criminal tax investigation of Goosby in which Agent McElroy served as the case agent. The United States claims that the allegedly defamatory remarks by Agent McElroy were made within the scope of Agent McElroy's employment. The United States further argues that suits based on the tortious acts of federal employees that are committed within the scope of their employment can be maintained, if at all, only in federal court against the United States under the FTCA. Finally, the United States contends that the case should be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction because Goosby failed to exhaust his administrative remedies and because the United States has not waived its sovereign immunity for defamation claims.

In his response to the Motion to Dismiss and in his Motion to Remand, Goosby contends that Agent McElroy's defamatory remarks were made outside the scope of his employment with the IRS. Goosby argues that Agent McElroy had a personal

---

1. Goosby was charged in this district on April 17, 2006, in a thirty-three count indictment with willfully aiding and assisting in the preparation of false and fraudulent individual income tax returns in violation of 26 U.S.C. § 7206(2). *See United States v. Goosby*, 06–CR–20127 (W.D.Tenn.) (Indictment, D.E. 1). Agent McElroy testified at Goosby's criminal trial, and at the conclusion of the trial, the jury found Goosby guilty on all counts. (Exhibit and Witness List, D.E. 39; Jury Verdict, D.E. 37).

2. The certification states

Pursuant to the authority vested in me by 28 C.F.R. § 15.3, I hereby certify upon the facts known to me, that Michael K. McElroy, was, at all times material to facts and issues of the Civil Warrant filed in the Shelby County General Sessions Court at Memphis, Tennessee, Civil Warrant number 10208647, an employee of the United States Internal Revenue Service and was covered under the provisions of the Federal Tort Claims Act, and further, that at all times material to the facts and issues in the aforesaid General Sessions Court Civil Warrant against him, Michael K. McElroy, was acting within the scope of his office and employment.

(Def.'s Notice of Removal, Ex. B).

vendetta against him, that Agent McElroy told one of Goosby' s tax clients that she should take her taxes to H & R Block because Goosby was dishonest, and that he included false information about Goosby in a report. Goosby also asserts that removal was not proper in this case because the United States did not file its Notice of Removal until more than thirty days after Agent McElroy was served with process in violation of 28 U.S.C. § 1446. Goosby asks that the court remand the case to state court and reinstate Agent McElroy as the defendant.

## II. PROPOSED CONCLUSIONS OF LAW

### A. Goosby's Motion to Remand

Under the Federal Employees Liability Reform and Tort Compensation Act of 1988, 28 U.S.C. § 2679 (the "Westfall Act"), the United States is to be substituted in a civil action for money damages brought against a federal employee who is alleged to have committed a common law tort while acting within the scope of his employment. 28 U.S.C. § 2679(b)(1); *Osborn v. Haley*, 549 U.S. 225, 127 S.Ct. 881, 887–88, 166 L.Ed.2d 819 (2007); *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1142 (6th Cir.1996). The Westfall Act provides:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the inci-

dent out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

28 U.S.C. § 2679(d)(2). The Attorney General has delegated to the United States Attorney the authority to provide Section 2679(d) certification. 28 C.F.R. § 15.4; *see also Dolan v. United States*, 514 F.3d 587, 592–93 (6th Cir.2008).[3] Upon the United States Attorney's certification, the employee is dismissed from the action, the United States is substituted as the defendant in place of the employee, and the litigation is thereafter governed by the FTCA. *Osborn*, 127 S.Ct. at 888.

A court may review the Attorney General's scope-of-employment certification under this provision for purposes of substitution. *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 420, 115 S.Ct. 2227, 132 L.Ed.2d 375 (1995). Certifica-

---

**3.** Section 15.4 states in pertinent part as follows:

(a) The United States Attorney for the district where the civil action or proceeding is brought ... is authorized to make the statutory certification that the Federal employee was acting within the scope of his office or employment with the Federal Government at the time of the incident out of which the suit arose.

(b) The United States Attorney for the district where the civil action or proceeding is brought ... is authorized to make the statutory certification that the covered person was acting at the time of the incident out of which the suit arose under circumstances in which Congress has provided by statute that the remedy provided by the Federal Tort Claims Act is made the exclusive remedy.

28 C.F.R. § 15.4.

tion, however, "is conclusive for purposes of removal, i.e., once certification and removal are effected, exclusive competence to adjudicate the case resides in the federal court, and that court may not remand the suit to state court." *Osborn,* 127 S.Ct. at 888–89.

■ Goosby argues that this case should be remanded for two reasons, neither of which have any merit. First, Goosby attacks the certification itself, asserting that Agent McElroy was not acting within the scope of his employment when he allegedly defamed Goosby. However, because the United States Attorney has certified that Agent McElroy was acting within the scope of his employment during all times relevant to the allegations in Goosby's civil warrant, the certification is conclusive for purposes of removal, and thus, the case may not be remanded. *Osborn,* 127 S.Ct. at 894 ("Section 2679(d)(2) does not preclude a district court from resubstituting the federal official as defendant *for purposes of trial* if the court determines, postremoval, that the Attorney General's scope-of-employment certification was incorrect. For purposes of establishing a forum to adjudicate the case, however, § 2679(d)(2) renders the Attorney General's certification dispositive."); *Singleton v. United States,* 277 F.3d 864, 870 n. 5 (6th Cir.2002) ("a plaintiff suing a federal employee may not challenge the government's removal of the case to federal court, but, once in federal court, the plaintiff may challenge the government's substitution of itself as defendant"). In short, certification by the Attorney General "categorically precludes a remand to the state court" and "forecloses any jurisdictional inquiry." *Osborn,* 127 S.Ct. at 895.

■ Second, Goosby argues that the case should be remanded because the United States filed its Notice of Removal more than thirty days after service of pro-

cess on Agent McElroy, in violation of 28 U.S.C. § 1446. Section 1446, however, does not apply in this case. The United States properly removed the action to federal court under the removal provision of the Westfall Act. 28 U.S.C. § 2679; *see Osborn,* 127 S.Ct. at 887–88. The removal provision of the Westfall Act allows removal "at any time before trial," and thus, the Notice of Removal was timely filed. 28 U.S.C. § 2679(d)(2); *see also Green v. Hill,* 954 F.2d 694, 696 n. 3 (11th Cir.1992), *opinion modified in part on other grounds,* 968 F.2d 1098 (11th Cir.1992). Therefore, the court submits that Goosby's Motion to Remand should be denied.

## B. Certification and Substitution

■ The Sixth Circuit has stated that "[w]hether an employee was acting within the scope of his employment is a question of law, not fact, made in accordance with the law of the state where the conduct occurred." *Singleton,* 277 F.3d at 870 (quoting RMI *Titanium,* 78 F.3d at 1143); *see also Dolan,* 514 F.3d at 592–93. However, "when a district court is reviewing a certification question under the Westfall Act, it must identify and resolve disputed issues of fact necessary to its decision before entering its order." *Singleton,* 277 F.3d at 870 (quoting *Arthur v. United States,* 45 F.3d 292, 296 (9th Cir.1995)).

■ "The Attorney General's certification provides *prima facie* evidence that the employee was acting within the scope of employment." RMI *Titanium,* 78 F.3d at 1143. Where a plaintiff challenges the certification and substitution, "the plaintiff must produce evidence that demonstrates that the employee was not acting in the scope of employment. If the plaintiff produces such evidence, the government must then produce evidentiary support for its certification." *Singleton,* 277 F.3d at 870–71. If the plaintiff's challenge is success-

ful, the employee defendant should be reinstated as the defendant, and the suit should proceed against him in his individual capacity. *Gilbar v. United States*, 108 F.Supp.2d 812, 816 (S.D.Ohio 1999). If the plaintiff does not come forward with any evidence to the contrary, certification is conclusive of scope of employment. *Pritchett v. Johnson*, 402 F.Supp.2d 808, 811 (E.D.Mich.2005).

As the Sixth Circuit has explained, "although a district court may conduct an evidentiary hearing to determine whether certification is appropriate in a particular case, no hearing is needed 'where even if the plaintiff's assertions were true, the complaint allegations establish that the employee was acting within the scope of his/her employment.'" *Singleton*, 277 F.3d at 871 (quoting *RMI Titanium*, 78 F.3d at 1143). Mere conclusory allegations or speculation are not sufficient to overcome certification. *Pritchett*, 402 F.Supp.2d at 812. Rather, at a minimum, the plaintiff must produce evidence that raises a genuine issue of material fact on the scope-of-employment issue. *Gilbar*, 108 F.Supp.2d at 816; *Jones v. Pittman*, No. 3:06–0228, 2007 WL 1047593, at *3 (M.D.Tenn. April 5, 2007).

The court submits that Goosby has failed to provide *any* evidence from which the court can find that Agent McElroy was acting outside the scope of his employment.[4] Goosby alleges in his civil warrant that he suffered "defamation of character . . . when the defendant submit-

ted a false report based on facts that the [d]efendant knew where [sic] false." (Def.'s Notice of Removal, Ex. A). Even if the court accepts this allegation as true, it demonstrates that Agent McElroy was acting within, rather than outside, the scope of his employment. *See Miller v. United States*, No. 99–3998, 2000 WL 1140726, at *1 (6th Cir. Aug. 7, 2000). Certainly, writing reports is the kind of activity that Agent McElroy is employed by the IRS to perform. In his Motion to Remand and response in opposition to the Motion to Dismiss, Goosby states that Agent McElroy,

> for his own purpose sought to defame the plaintiff when he went to one of the plaintiff's customers and told her that she should take her taxes to H & R Block because the plaintiff was not honest. He then continued his personal vendetta when he added inaccurate and false information to a report.

(Pl.'s Resp. to Mot. to Dismiss at ¶ 2). Goosby offers no explanation as to why Agent McElroy's statement to Goosby's customer falls outside the scope of his employment, nor does he provide any evidence in support of this allegation. Moreover, "[i]f a plaintiff pleads conduct within the scope of the defendant's employment and merely alleges that the defendant acted with an improper or personal motive, summary dismissal of the plaintiff's challenge to certification is warranted." *Shokoohe v. Ussery*, No. C–1–05–144, 2005 WL 2124161, at *4 (S.D.Ohio Aug. 31,

---

4. The scope of employment inquiry is governed by the law of the state where the conduct underlying the allegations took place. *Singleton*, 277 F.3d at 870; *Gilbar*, 108 F.Supp.2d at 816–17; *see also RMI Titanium*, 78 F.3d at 1143. Although it appears that Tennessee law should apply in this case, it is not entirely clear from the record where the alleged underlying conduct took place, as neither party addresses this issue in their mo-

tions or responses. However, because the court finds that Goosby has not produced any evidence or raised any allegation to rebut the Attorney General's certification, the court need not reach this issue. *See Rector v. United States*, 243 Fed.Appx. 976, 978 (6th Cir. 2007) (stating that plaintiff has the burden of presenting evidence to rebut the Attorney General's scope-of-employment certification).

2005). Goosby's allegation that the defamatory remarks were made "outside the scope of [Agent McElroy' s] employment at the United States Internal Revenue Service" is merely conclusory and, without more, is insufficient to rebut the certification. *Singleton,* 277 F.3d at 871, n. 7; *Pritchett,* 402 F.Supp.2d at 812. Finally, Goosby does not refute the United States' assertion that the allegedly defamatory remarks were made in connection with the criminal tax investigation of Goosby for which Agent McElroy served as the case agent. *See Dolan,* 514 F.3d at 594–95 (stating that "[h]ere, the individual federal defendants were employed by the federal government to investigate and prosecute cases. As the above discussion shows, even if they acted improperly or maliciously in investigating or prosecuting Plaintiff, as Plaintiff alleges, they were still within the scope of their employment. This would be the case, even if Plaintiff's factual showing were true.").

The court also notes that Goosby has made no effort to add to the allegations in his complaint or to obtain any evidence to show that Agent McElroy acted outside the scope of his employment. *See Singleton,* 277 F.3d at 872. To the contrary, Goosby joined in the United States' motion to stay discovery, which the court granted. In sum, because Goosby has neither produced evidence that demonstrates nor provided any indication that he could produce evidence that would demonstrate that Agent McElroy was acting outside the scope of his employment, the United States properly substituted itself for Agent McElroy as the defendant under the Westfall Act. *See Singleton,* 277 F.3d at 872; *Gilbar,* 108 F.Supp.2d at 821.

### C. Motion to Dismiss

Having determined that the United States has been properly substituted as the defendant, the court now turns to the United States' Motion to Dismiss for lack of subject matter jurisdiction under Fed. R.Civ.P. 12(b)(1). The FTCA provides that

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). The Supreme Court has stated that this provision shows that "Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process." *McNeil v. United States,* 508 U.S. 106, 112, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993). Therefore, the United States "has waived its sovereign immunity to suits for tort actions under the FTCA, but only insofar as the plaintiff has exhausted his administrative remedies." *Blakely v. United States,* 276 F.3d 853, 864 (6th Cir.2002). In other words, filing an administrative claim with the government agency under which the alleged tortious conduct occurred is a jurisdictional prerequisite to obtaining judicial review under the FTCA. *Blakely,* 276 F.3d at 864; *Joelson v. United States,* 86 F.3d 1413, 1422 (6th Cir. 1996). Thus, failing to comply with that prerequisite is grounds for dismissing a claim under the FTCA. *See Miller,* 2000 WL 1140726, at *2 (upholding district court's dismissal of the case because the plaintiff had not filed an administrative claim); *Joelson,* 86 F.3d at 1422 (upholding district court's dismissal of the case because the plaintiff had not filed an adminis-

trative claim); *Carpenter v. Laxton*, No. 95–6076, 1996 WL 499099, at *4 (6th Cir. Sept. 3, 1996) (holding that district court should have dismissed case because the plaintiff failed to exhaust administrative remedies); *Pritchett*, 402 F.Supp.2d at 818–19 (dismissing case because the plaintiff failed to exhaust administrative remedies).

■ The United States asserts that IRS records indicate that Goosby did not file an administrative claim. Goosby's complaint does not allege that he exhausted his administrative remedies, nor has he even argued in his response to the Motion to Dismiss that he did so. Therefore, the court submits that this case should be dismissed for lack of subject matter jurisdiction because Goosby has failed to exhaust his administrative remedies.

■ In addition, the case should be dismissed on sovereign immunity grounds. The United States, "'as a sovereign, is immune from suit save as it consents to be sued ..., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941)). Therefore, "[t]o bring a tort action against the government, the plaintiff must first establish that the government has waived sovereign immunity." *Blakely*, 276 F.3d at 864. "A waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'" *Mitchell*, 445 U.S. at 538, 100 S.Ct. 1349 (quoting *United States v. King*, 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969)). Under the FTCA, the United States has waived sovereign immunity for certain tort claims. *See* 28 U.S.C. § 2674. It has not, however, waived sovereign immunity for claims arising out of libel or slander. 28 U.S.C.

§ 2680(h); *see Rector*, 243 Fed.Appx. at 979; *Jones*, 2007 WL 1047593, at *6; *Neogen Corp. v. United States Dept. of Justice*, No. 05–506–JBC, 2006 WL 3422691, at *5 (E.D.Ky. Nov. 28, 2006); *Gilbar*, 108 F.Supp.2d at 821. The court submits that this case should be dismissed for lack of subject matter jurisdiction because the United States has not waived its sovereign immunity for defamation claims.

## III. CONCLUSION

For the above reasons, the court recommends that Goosby's Motion to Remand be denied and that the United States' motion to dismiss be granted.

Respectfully submitted,